# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

────────────

No. 13-11226
Summary Calendar

────────────

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANTOS MONDRAGON-BENITEZ,

Defendant-Appellant

Cons. w/ No. 13-11227

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

J. SANTOS MONDRAGON-BENITEZ,

Defendant - Appellant

────────────────

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-126-1
USDC No. 4:13-CR-71-1

────────────────

No. 13-11226
c/w No. 13-11227

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal J. Santos Mondragon-Benitez (Mondragon) appeals two judgments entered in two criminal cases, both arising from being found illegally in the U.S. in April 2013. Appeal No. 13-11227 arises from a guilty-plea conviction to illegal reentry after deportation, in violation of 8 U.S.C. § 1326, and the resulting sentence of 30 months of imprisonment and three years of supervised release. Appeal No. 13-11226 arises from the revocation of a previously imposed term of supervised release. The district court imposed an 18-month term of imprisonment and ordered the sentence to run consecutively to the sentence imposed for the illegal reentry offense. Mondragon does not present argument challenging the revocation or the revocation sentence. He therefore has abandoned any such challenge. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

Mondragon argues that the 30-month sentence, imposed by the district court as either a variance or upward departure from the guidelines imprisonment range of 10 to 16 months, is substantively unreasonable and reversible plain error. A district court may impose (1) a sentence within the guidelines range, (2) "an upward or downward departure as allowed by the Guidelines," and (3) "a non-Guideline sentence or a variance that is outside of the relevant Guidelines range." *United States v. Brantley,* 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted). The specific characterization of the sentence is irrelevant as long as the sentence is reasonable under the totality of the relevant factors in 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Brantley*, 537 F.3d at 349-50.  Courts generally review the reasonableness of a sentence under an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).

However, if a defendant fails to preserve a claim of error, this court applies the plain error standard of review.  *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  As Mondragon did not object to the reasonableness of his sentence, this court's review is for plain error.  *See Peltier*, 505 F.3d at 391-92.  To establish reversible plain error, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

In Mondragon's case, the district court's reasons for the sentence were fact-specific and consistent with the § 3553(a) sentencing factors.  *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).  Further, the sentence imposed "was reasonable under the totality of the relevant statutory factors." *See Brantley*, 537 F.3d at 349 (internal quotation marks and citation omitted).  Although Mondragon argues that the district court failed to balance the mitigating factors, such as his nonviolent history and his benign motives for reentering the country, there is no requirement that a sentencing court accord a certain mitigating factor dispositive weight.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).  Moreover, Mondragon's argument that the district court should not have placed weight upon the number of times he previously illegally entered the country lacks merit, as an extensive history of reentry following deportation is a factor that may support an above-guidelines sentence.  *See id.*  Nor does the extent of the variance or departure from the guidelines range present a nonfrivolous issue, as this court

No. 13-11226
c/w No. 13-11227

has upheld upward departures or variances of similar magnitudes. *See United States v. Jones*, 444 F.3d 430, 433, 442 (5th Cir. 2006); *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005); *United States v. Daughenbaugh*, 49 F.3d 171, 174-75 (5th Cir. 1995).

For the foregoing reasons, the judgment of the district court is AFFIRMED.